■ ANNA WASHBURN, Respondent, v WHOLEHEALTH INSURANCE NETWORK, INC., Appellant. [601 NYS2d 938] —In an action for a judgment declaring the rights and duties of the parties with respect to a contract of health insurance, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 2, 1993, as granted, in part, the plaintiff's motion for summary judgment, (2) so much of a judgment of the same court, entered May 18, 1993, as declared that the contract of insurance between the parties provides coverage for treatment of the plaintiff's conservatee in Datahr Rehabilitation Institute, and (3) so much of an amended judgment of the same court, entered June 1, 1993, as made the same declaration and also directed the defendant to make payment to Datahr Rehabilitation Institute consistent with the order entered April 2, 1993.

Ordered that the appeal from the order entered April 2, 1993, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as

the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, so much of the order entered April 2, 1993, as granted the defendant's motion for summary judgment is vacated, the judgment is vacated, the plaintiff's motion for summary judgment is denied, upon searching the record, summary judgment is granted to the defendant, and it is declared that the plaintiff is not entitled to health insurance coverage for the daily cost of in-patient care at Datahr Rehabilitation Institute under the terms of the contract of insurance between the parties; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see, CPLR 5501 [a] [1]).

In September 1989 the plaintiff's conservatee contracted viral encephalitis, which resulted in brain damage and caused him to be hospitalized for approximately nine months. The hospitalization was covered under a contract of insurance issued by the defendant. The plaintiff subsequently sought to place her conservatee in Datahr Rehabilitation Institute (hereinafter Datahr) where he would receive, among other things, medical rehabilitation services. Upon inquiring of the defendant, the plaintiff was informed that the contract of insurance did not cover the cost of in-patient treatment at facilities such as Datahr, because it was neither a hospital nor a skilled nursing facility as those terms are defined in the contract of insurance.

The plaintiff subsequently commenced this action for a judgment declaring that the defendant was required to provide health insurance coverage for her conservatee for medically necessary in-patient rehabilitative care at Datahr. Finding that the care to be provided to the conservatee at Datahr was medically necessary and, with the exception of certain enumerated therapies, did not fall within any exclusions set forth in the policy, the Supreme Court granted the plaintiff's motion for summary judgment. In an amended judgment the court further directed the defendant to make payment to Datahr in accordance with its prior order and judgment. We now reverse.

Under the relevant terms of the parties' contract of insur-

ance, coverage is only provided for in-patient care of the type indicated here when the facility in which the insured is placed is a hospital or skilled nursing facility, as those terms are defined in the contract of insurance. This is so regardless of whether or not the treatment provided in the facility is medically necessary.

The record does not support the plaintiff's contention, raised for the first time on appeal, that Datahr, a rehabilitative institute operating in a group home environment, falls within the contractual definition of hospital, that is, "a short term acute care general hospital". Nor is Datahr a skilled nursing facility, as the plaintiff concedes.

Given that the plaintiff has failed to establish coverage under the contract of insurance for in-patient services rendered at Datahr, the issue of whether those services are specifically excluded under the terms of the contract is irrelevant (see generally, Zuckerberg v Blue Cross & Blue Shield, 108 AD2d 56, 58, affd 67 NY2d 688).

In light of the foregoing, the defendant is entitled to summary judgment declaring the plaintiff is not entitled to health insurance coverage for the daily cost of in-patient care at Datahr. We do not pass upon the issue of whether the plaintiff may be entitled to reimbursement for the cost of certain particularized treatments provided to her conservatee while in Datahr. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.